**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**CHRISTINA HAYES** **PLAINTIFF**

**v.** **CASE NO. 2:25-CV-00085-BSM**

**WILLIAM EUGENE LIVESAY, JR., *et al.*** **DEFENDANTS**

# ORDER

Nova Lines, Inc.'s motion for summary judgment [Doc. No. 24] is granted and Christina Hayes's claims against it are dismissed with prejudice.

## I. BACKGROUND

William Livesay is the owner of WM Express Trucking and was driving his tractor-trailer when he was involved in an accident with Hayes. Resp. to Def.'s Statement of Undisputed Facts ("SUMF") ¶¶ 2, 4–5, Doc. No. 32. Livesay was contracted to Nova at the time of the accident. *Id.* ¶ 7, Ex. A at 1. Hayes is suing Livesay for negligence and Nova for (1) vicarious liability; (2) negligent hiring; and (3) negligent training and supervision. Compl. at 4–5, Doc. No. 1. Nova is moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in the pleadings. *Holden v. Hirner*, 663 F.3d 336,

340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

### A. Vicarious Liability

Nova's motion for summary judgment is granted on Hayes's vicarious liability claim because Livesay is an independent contractor.

Nova is generally not liable for Livesay's actions if he is an independent contractor. *Draper v. ConAgra Foods, Inc.*, 212 S.W.3d 61, 67 (Ark. App. 2005). An independent contractor "is one who contracts to do a job according to his own method and without being subject to the control of the other party, except as to the result of the work." *Kistner v. Cupples*, 372 S.W.3d 339, 343 (Ark. 2010). The primary factor in determining whether Livesay was employed by Nova or was its independent contractor centers on the amount of control Nova was permitted to exercise over the details of the work performed by Livesay. *Id.* The "right to control, not [] actual control," is what determines the relationship. *Id.*

Nova and Livesay entered into a lease agreement which specifically states that Livesay is an independent contractor, not an employee. SUMF ¶ 7, Ex. A at 1. Under the contract, Livesay was not required to give priority to Nova when choosing between jobs; he provided his own insurance and workers' compensation coverage; he was responsible for

operational and maintenance expenses; and he was not required to perform services for Nova at a specific time or on a specific schedule. *Id.* at 1–2, 6; *see Brown v. Truck Connections Int'l, Inc.*, 526 F. Supp. 2d 920, 923 (E.D. Ark. 2007) (company was an independent contractor because the contract did not designate for substantive performance, such as the route to take, the drivers to employ, etc.); *see also Kistner*, 372 S.W.3d at 345 ("It is clear from the agreement that the intent of both parties was to create an independent-contractor relationship.").

In response to the motion for summary judgment, Hayes points out that Livesay complied with Nova's safety incentive and cargo securing policies, and this indicates that Nova exercised sufficient control over Livesay to create a factual dispute for a jury to decide. Pl.'s Br. Opp. to Mot. Summ. J. ("Pl's Br.") at 7–9, Doc. No. 31. Although Hayes's arguments are understandable, the fact that Livesay complied with Nova's safety and cargo securing policies is not enough, as a matter of law, to create an employee and employer relationship. *See ConAgra Foods, Inc. v. Draper*, 276 S.W.3d 244, 249 (Ark. 2008) (When "control [is] not only of the result, but also of the means and manner of the performance, then the relation of master and servant necessarily follows."); *see also Kistner*, 372 S.W.3d at 346 (holding the driver was an independent contractor because the principal did not control how the driver was hauling trailers or the routes taken, i.e., the "substantive performance for which [the principal] contracted"). Summary judgment is therefore appropriate unless an exception applies.

Although a principal cannot be held liable for the actions of an independent

contractor, an exception exists when "the employer has undertaken to perform certain duties or activities and negligently fails to perform them." *Stoltze v. Arkansas Valley Elec. Co-op. Corp.*,127 S.W.3d 466, 470 (Ark. 2003). Hayes argues that Nova "negligently undert[ook] a safety function" when it decided to supervise the safety training and compliance of its drivers. Pl.'s Br. at 13. This argument is not convincing because it appears that Hayes is merely attempting to repackage her negligent training and supervision argument to fit this exception. It is almost axiomatic that an employer cannot be held liable for negligently training or supervising an independent contractor. *See Madden v. Aldrich*, 58 S.W.3d 342, 350 (Ark. 2001) ("Liability for negligent supervision is based upon the unique relationship between employer and employee."). And Nova engaged in no duties or activities that overcome this principle.

Another exception exists when the work is inherently dangerous; however, this exception does not apply because Hayes concedes that ordinary highway transportation is not inherently dangerous work. *Id.* at 16; *see Brown*, 526 F. Supp. 2d at 924 (transporting cargo down the highway is not inherently dangerous).

B. Direct Liability

*1. Negligent Hiring*

Nova's motion for summary judgment on Hayes's negligent hiring claim is granted. To state a claim for negligent hiring, Hayes must show that (1) an inadequate background check was done or there was the complete absence of one and (2) a proper background check would have revealed that Livesay was not qualified for the position for which he was hired.

*Paulino v. QHG of Springdale, Inc.*, 386 S.W.3d 462, 469 (Ark. 2012); *Stoltze*, 127 S.W.3d at 470 ("[A]n employer may be held liable for the conduct of a careless, reckless, or incompetent independent contractor when the employer was negligent in hiring the contractor."). Nothing in the record indicates that Livesay's background check was inadequate or that a proper one would have revealed that Livesay was not qualified, and there is no evidence that Nova acted negligently when hiring Livesay.

*2. Negligent Training and Supervision*

Nova's motion for summary judgment on Hayes's negligent training and supervision claim is granted because Livesay is not an employee and this claim requires an employer and employee relationship. *See Madden*, 58 S.W.3d at 350 (Ark. 2001) ("Liability for negligent supervision is based upon the unique relationship between employer and employee."); *see also Saine v. Comcast Cablevision of Arkansas, Inc.*, 126 S.W.3d 339, 342 (Ark. 2003) ("employers are subject to direct liability for their negligent supervision or negligent retention of *employees* . . .") (emphasis added).

IV. CONCLUSION

For these reasons, Nova's motion for summary judgment is granted, and Hayes's claims against Nova are dismissed with prejudice. The clerk is directed to terminate Nova Lines, Inc. as a defendant and update the case style.

IT IS SO ORDERED this 23rd day of November, 2026.

Brian S. Miller

UNITED STATES DISTRICT JUDGE